UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD F. SPILLER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No.: 16-cv-1266-MMM |
| | ) |
| SHERIFF MICHAEL McCOY, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action against Sheriff Michael McCoy, Deputy Joseph Needham and Head Nurse Sally at the Peoria County Jail, alleging inhumane conditions of confinement. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that the showers at the Peoria County jail are filthy and that inmates are given ineffective products with which to clean. Plaintiff claims that the shower in G-1 contains mold and mildew and that one of the walls is green. He alleges that there is a paint on the walls in his cell which is causing him to experience shortness of breath. Plaintiff complains of having

to pay a $10 co-pay to receive medical care. He complains, further, that the prison jump suits and shoes are given from one inmate to the next without adequate cleaning. Plaintiff alleges that he has developed athlete's foot as a result. He also claims that the heating vents are clogged with dust.

Plaintiff does not name any individual in the body of this complaint. He does not state that he has spoken to any individual Defendant regarding these complaints. Furthermore, he does not identify any particular Defendant whom he finds responsible. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). The converse is also true: describing a constitutional violation committed by someone who is not a defendant does not adequately state a claim. *Jones v. Butler,* No. 14-00846, 2014 WL 3734482 *2 (S.D. Ill. July 29, 2014). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Plaintiff's complaint is dismissed with leave to replead within 30 days. Plaintiff must identify those individuals whom he holds liable for the complaint-of conditions.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2) All outstanding motions are DENIED with leave to reassert should Plaintiff file an amended complaint.

November 7, 2016                                s/Michael M. Mihm
ENTERED                                         MICHAEL M. MIHM
                                                UNITED STATES DISTRICT JUDGE