## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| EDWARD F. SPILLER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| v. | ) | No.: 16-cv-1266-MMM | |
| | ) | | |
| SHERIFF MICHAEL McCOY, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MERIT REVIEW AMENDED COMPLAINT

Plaintiff, proceeding pro se, files an amended complaint under  § 1983 alleging inhumane conditions of confinement at the Peoria County Jail.  Plaintiff names Peoria County Sheriff Michael McCoy, Deputy Sheriff Joseph Needham and Head Nurse Sally. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that he has been experiencing outbreaks of athlete's foot while at the Jail. He believes the condition is caused by the "Bob Barker B.B.C." shoes provided to inmates. He claims that the shoes are repeatedly reissued to new inmates without being cleaned.   Plaintiff

claims that the prison jumpsuits are not adequately cleaned and sometimes contain menstrual bloodstains.

Plaintiff alleges that the shower in G-1 is filthy, contains mold and mildew and that one of the walls is green. He claims that he and the other inmates clean the showers daily but that the cleaning products are ineffective. Plaintiff experiences shortness of breath which he believes is an indication there that there is lead paint on the walls of his cell. He notes, further, that the heating vents are clogged with dust. Lastly, he complains of having to pay a $10 co-pay to receive medical care for treatment he believes related to the conditions of confinement.

Plaintiff's original complaint had been dismissed as he did not identify any of the three Defendants he held liable for the alleged infractions. Plaintiff's amended complaint also fails to identify the parties responsible. He claims only that he spoke to Sheriff McCoy "about this incident," not specifying which incident. He claims, additionally, that he wrote relevant grievances. This is not enough to establish personal liability. Public officials do not have a free-floating obligation to put things to rights[.] Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job.... *Burks v. Raemisch,* 555 F.3d 592, 595 (7th Cir. 2009). Furthermore, the " alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011)**.** "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Plaintiff's complaint is dismissed and he will be given a final opportunity to replead, within 30 days. If he files an amended complaint .e is to identify each of the individuals whom he holds responsible for each infraction.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. If Plaintiff proceeds he is to identify the complaint as a Second Amended Complaint. If he does not file within the time specified, this case will be dismissed for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety and must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2) Plaintiffs Motion for Status [17] is rendered MOOT.

5/5/2017
ENTERED

s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE